# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RONALD J. HALLEY,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0405** (BOR Appeal No. 2052340)
(Claim No. 2017012663)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald J. Halley, by Wendle D. Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Marion E. Ray, its attorney, filed a timely response.

The issue on appeal is compensability of the claim. The claims administrator rejected the claim on December 6, 2016. The Office of Judges reversed the decision in its October 31, 2017, Order and held the claim compensable for bilateral carpal tunnel syndrome. The Order was reversed by the Board of Review on April 2, 2018, and the claims administrator's decision was reinstated. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Halley, a loader operator, alleged that he developed bilateral carpal tunnel syndrome in the course of and as a result of his employment. In a carpal tunnel syndrome questionnaire dated June 2, 2016, Mr. Halley stated that he was diagnosed with carpal tunnel syndrome that day by Ronald Chattin, D.O. His job duties included loading a rock truck with a rock loader and excavator. Mr. Halley stated that he pushed, pulled, and lifted in his job but did not state how often. He did not pound, hammer, rub, sand, or use vibrating handheld tools. He asserted that he

1

performed frequent tasks which required continuous firm grip and bending and rotating the wrists frequently.

An EMG was performed on July 1, 2016, and interpreted by Glenn Goldfarb, M.D., as showing severe bilateral carpal tunnel syndrome. The employer completed a carpal tunnel syndrome questionnaire on November 16, 2016, by Danny Gunnoe, human resources manager, and Doug Blankenship, safety director. They indicated Mr. Halley was a master loader operator and had worked for the employer since September of 2015. His job activities did not include pushing, pulling, lifting, pounding, hammering, rubbing, sanding, use of vibrating tools, or tasks requiring continuous firm grip. He was required to frequently bend and rotate both wrists. The work speed was listed as fast.

A carpal tunnel syndrome physician questionnaire was completed by Dr. Chattin on November 30, 2016. He reviewed Mr. Halley's job duties and the EMG. He diagnosed bilateral carpal tunnel syndrome caused by Mr. Halley's employment, specifically pulling levers and vibration of the equipment and levers. He indicated Mr. Halley's job required frequent bilateral fingering and reaching of the arms. Dr. Chattin noted that Mr. Halley was off of work due to a different injury.

In a December 5, 2016, physician review, Rebecca Thaxton, M.D., opined that Mr. Halley did not develop carpal tunnel syndrome as a result of his employment. She noted that Dr. Chattin opined on the physician questionnaire that Mr. Halley has work-related carpal tunnel syndrome as a result of pulling levers and vibration of the equipment/levers. However, Dr. Thaxton found that Mr. Halley's and employer's questionnaires indicated there was no use of vibrating tools. She found that the job description was not consistent with an increased risk of carpal tunnel syndrome.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 8, 2017, and noted that Mr. Halley complained of pain, numbness, and itching in both hands for the past two years. Dr. Mukkamala diagnosed bilateral carpal tunnel syndrome but opined that it was not causally related to Mr. Halley's job duties. He opined that the job duties were unlikely to cause carpal tunnel syndrome. Further, Mr. Halley had not worked for a year prior to the evaluation and his symptoms did not improve while he was off of work. Lastly, Dr. Mukkamala stated that Mr. Halley's obesity is an important nonoccupational risk factor for carpal tunnel syndrome.

The claims administrator rejected the claim on December 6, 2016. In its October 31, 2017, Order, the Office of Judges reversed the decision and held the claim compensable for bilateral carpal tunnel syndrome. It found that Dr. Thaxton opined in her physician review that Mr. Halley's job duties were not consistent with an increased risk of developing carpal tunnel syndrome. Dr. Mukkamala also found in his independent medical evaluation that the carpal tunnel syndrome was not causally related to Mr. Halley's employment because the work activities explained by Mr. Halley were unlikely to cause carpal tunnel syndrome. Also, he had not worked in a year and the symptoms did not improve during that time. The Office of Judges noted that there was a disparity between the questionnaires completed by the employer and Mr.

2

Halley in that Mr. Halley stated his job required pushing/pulling/lifting and the employer stated that it did not. Mr. Halley did not list the frequency with which he was required to push/pull/lift. Further, the employer noted that Mr. Halley had to frequently bend/rotate his wrists but stated that there was infrequent fingering with the hands no reaching with the arms. The Office of Judges determined that there was reliable evidence on both sides. It found that pursuant to *Powell v. State Workmen's Compensation Commissioner,* 166 W.Va. 327, 273 S.E. 2d 832 (1980), a claimant is not required to show that his or her employment is the sole cause of a disease, nor that the disease is peculiar to one work environment. Though Dr. Mukkamala focused on the nonoccupational risk factor of obesity, the Office of Judges concluded that Mr. Halley was not required to prove that his work duties were the only cause of his carpal tunnel syndrome. His treating physician, Dr. Chattin, opined that the carpal tunnel syndrome was causally related to the compensable injury due to pulling levers daily and the vibration of the equipment and levers. The Office of Judges determined that his explanation was reasonable and held the claim compensable for bilateral carpal tunnel syndrome.

The Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's rejection of the claim on April 2, 2018. After reviewing the evidence, the Board of Review concluded that Drs. Mukkamala and Chattin both noted that Mr. Halley suffered from obesity. Dr. Mukkamala opined that it was an important risk factor for developing carpal tunnel syndrome. Drs. Mukkamala and Thaxton found that his job duties are unlikely to cause carpal tunnel syndrome. Further, Dr. Mukkamala noted that Mr. Halley had not worked in approximately one year and that his symptoms had not improved. This supported the conclusion that the carpal tunnel syndrome was not work-related. The Board of Review noted that West Virginia Code of State Rules § 85-20-41.4 (2006) lists factors which can cause carpal tunnel syndrome, including obesity. It also found that West Virginia Code of State Rules § 85-20-41.5 (2006) lists categories of work and job duties that cause an increased risk of developing carpal tunnel syndrome. The Board of Review concluded that Mr. Halley's job duties do not fall into those high-risk categories.

After review, we agree with the reasoning and conclusions of the Board of Review. Mr. Halley failed to prove by a preponderance of the evidence that he developed carpal tunnel syndrome in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.